No. 93-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE GRANDPARENT
VISITATION OF BRENDAN HUNTER

---------------------------

DONNA PINTO,

       Petitioner and Respondent,

v.

PAIGE ANDERSON,

       Respondent and Appellant.

FILED

MAR 1 0 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Paul A. Sandry, Warden, Christiansen, Johnson
and Berg, Kalispell, Montana

       For Respondent:

              David W. Harman, Libby, Montana

Submitted on Briefs:  February 17, 1994

Decided:  March 10, 1994

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Paige Anderson (Paige) appeals from a decision of the Nineteenth Judicial District Court, Lincoln County. The court ordered that Paige's mother, Donna Pinto (Donna), could enjoy grandparent visitation with Paige's son, Brendan Hunter. We affirm.

The sole issue on appeal is whether the District Court erred by issuing its grandparent visitation decree without specifically setting forth its findings of fact and conclusions of law in the decree.

In June 1993, Donna petitioned the court for permanent grandparent visitation with her grandson. Donna also moved the court for temporary visitation during the 1993 summer.

At a hearing on the motion for temporary visitation, the court stated that it was prepared to consider evidence and to enter a permanent order. Both parties stated that was satisfactory.

The court issued a grandparent visitation decree after determining that it would be in Brendan's best interests to visit with his grandmother and that there is a bonding between the pair. Paige appeals.

Did the District Court err by issuing its grandparent visitation decree without specifically setting forth its findings of fact and conclusions of law in the decree?

Paige asserts that the court erred because it

2

failed to comply with Rule 52(a), M.R.Civ.P. by failing to set forth Findings of Fact and Conclusions of Law upon which it had based its Order.

Paige's argument is not credible in light of the record and the plain language of Rule 52(a), M.R.Civ.P., which states:

> It will be sufficient if the [court's] findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

After reviewing the record, we hold that the court orally found facts at the hearing on the motion for temporary visitation and that its findings and conclusions were properly recorded in open court. We conclude that the District Court did not err.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

J. A. Turnage
Chief Justice

3

We concur:

_John Conway Harrison_

_Karla M. Gray_

_Jim Trieweiler_

_____
Justices

4

March 10, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Paul A. Sandry, Esq.
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT  59903-3038

David W. Harman
Attorney at Law
120 West Sixth St.
Libby, MT  59923

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy